STONEY AMICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. H. STALLARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 21478, 21480. Promulgated August 6, 1930.

*Chester A. Bennett, Esq.*, for the petitioners.
*H. B. Hunt, Esq.*, and *J. E. Mather, Esq.*, for the respondent.

OPINION.

BLACK: These proceedings involve the liability of the petitioners as transferees of the assets of the Blake Coal Mining Co. of Stone, Ky., for unpaid profit and income taxes of said company for the years 1920 and 1921 in the respective amounts of $595.97 and $3,127.40.

Petitioners question the constitutionality of section 280 and allege in addition that respondent erred in proposing to assess the entire liability against each petitioner.

At the hearing it was ordered that the two cases be consolidated and heard together.

The Blake Coal Mining Co. was a corporation organized under the laws of the Commonwealth of Kentucky with its principal office and place of business at Stone, Ky. The capital stock consisted of 50 shares, of which petitioner H. H. Stallard was the owner of 34 shares and petitioner Stoney Amick was the owner of 16 shares. In 1922 the mining company sold all of its assets for the agreed price of $25,000, of which $18,000 was paid and a judgment for the balance of $7,000 was obtained and $1,100 collected thereon. The consideration received from the sale of the assets was distributed to the petitioners in the proportion of their stockholdings, viz, thirty-four fiftieths to H. H. Stallard and sixteen fiftieths to Stoney Amick, being in both instances more than the proposed liability against them.

The corporation was dissolved June 16, 1922.

The evidence shows that the taxes were duly assessed against the transferor corporation on respondent's November, 1925, supplemental assessment list and are still unpaid and outstanding. All facts necessary to establish liability of petitioners have been duly proved.

We have decided in a number of cases that each transferee is liable for the entire tax to the extent of assets received. *Henry Cappellini*, 14 B. T. A. 1269; *Grand Rapids National Bank*, 15 B. T. A. 1166; *John Thompson*, 20 B. T. A. 1. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177.

The question of the unconstitutionality of section 280 of the Revenue Act of 1926 has heretofore been urged, and we have held that where a transferee has elected to appeal to this Board he is precluded from questioning the validity of the statute. *Henry Cappellini*, *supra*. See also *Phillips* v. *Commissioner*, *supra*, and *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208.

Under the authority of cases above cited, respondent's determination is approved.

*Judgment will be entered for the respondent.*